| iLABORDE, Judge.
Defendant employer appeals the hearing officer’s ruling awarding claimant temporary total disability benefits, penalties and attorney’s fees. We affirm, finding no error committed by the hearing officer.
FACTS
Claimant, Linda White, was hired by the defendant, Dental Arts, Inc. as a dental lab technician on May 20, 1993. Soon after she began work, Linda started experiencing shortness of breath, a persistent cough, headaches, loss of appetite and fever. Dr. Stagg, her family physician, treated her for a lung ailment which he believed to be either pneumonia, bronchitis or a variation of either disease.
On October 17, 1993, Linda sought treatment at W.O. Moss Regional Hospital by Dr. Yu, a specialist in internal medicine. He diagnosed her condition as berylliosis, a lung ailment. Berylliosis is caused by exposure to beryllium, a specialty metal, usually through inhalation of berylhum dust or fumes. Beryllium |2is found in RexiUium III, a metal composite used in dental labs. White informed Dr. Yu that she had been working as a dental lab technician for seventeen years, that she had a history of being exposed to metal dust from polishing metal alloy, specifically Rexillium III, in the dental office. Dr. Yu treated her with steroids, after which she gradually improved and was discharged on October 26, 1993. She continued to see Dr. Yu on an outpatient basis and was still under his care at the time of the hearing. Dr. Yu advised her not to return to a work environment where she would be exposed to berylh-um. White did not return to her job at Dental Arts after her discharge from the hospital.
Defendants, Dental Arts, Inc., and its insurer, Louisiana Worker’s Compensation Corporation, refused to pay worker’s compensation and medical benefits, relying on R.S. 23:1031.1(D).
A hearing on the matter was held on March 29, 1994. At the conclusion of evidence, the hearing officer took the matter under advisement. On June 10, 1994, the hearing officer issued a judgment in favor of claimant, ordering defendants to pay compensation, medical benefits, statutory penalties of $2,000 and attorney’s fees of $2,000.
Defendant appeals, alleging two assignments of error:
1. The lower court was manifestly erroneous in its finding that claimant’s occupational disease was caused by her employment with Dental Arts, Inc.
2. The lower court was manifestly erroneous in its assessment of penalties and/or attorneys fees against defendants.
LAW
Occupational Disease
Defendants allege that the hearing officer erred in finding claimant’s illness was work related because she misinterpreted R.S. 23:1031.1(D). Defendants ^contend that the hearing officer did not apply the correct burden of proof as required under this section.
La.R.S. 23:1031.1(B) provides in pertinent part:
An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.
R.S. 23:1031.1(D) provides as follows:
D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-oceupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months’ limitation as *220 set out herein shah become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months’ employment by an overwhelming preponderance of evidence.
In her reasons for judgment, the hearing officer concluded:
The court finds that Linda White has carried her burden of proof by an overwhelming preponderance of the evidence that she suffered a compensable occupational lung disease, berylliosis. Linda White’s treating physician, Dr. Yu, ordered certain tests to be performed on Linda White. A transbronchial biopsy of the lung was performed and the histologic findings were that of non-caseting grandi-loma compatible with a clinical impression of Berylliosis. A pulmonary function test was done which showed restrictive dysfunction. Dr. Yu testified at trial that Linda White’s exposure to Rexillium III which is made of nickel, chromium, moly, beryllium and aluminum more probably than not caused and/or definitely aggravated or contributed to Linda White’s lung condition. Dr. Yu testified that while Linda White was employed at Dental Arts, her work environment where she inhaled dust produced by the Rexillium III contributed to her condition. Dr. Yu advised Linda White to not return to her former work environment, i.e., Dental Arts. Dr. Yu further testified that Linda White was not symptomatic before she started to work for Dental Arts.
The court found Dr. Yu credible and familiar with the subjected (sic) matter. The court notes that Dr. Yu’s testimony is that Linda White’s work environment either caused or aggravated her condition. Either one is compensable, therefore Linda White has carried her burden of proof.
The court finds that Linda White’s condition, berylliosis, is jobjrelated,4 and this occupational lung disease resulted in a disability to Linda White.
The legal test for disability caused by occupational disease is the same as that for disability caused by accident. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979).
The testimony of the claimant and the testimony of other lay witnesses supports Linda White’s claim. The witnesses were credible witnesses. The court found that the witnesses appeared to be honest when they explained Linda White’s current physical limitations.
An employee’s disability is compensa-ble if a pre-existing condition or disease is activated or precipitated into a disabling manifestation as a result of work. Austin v. Howard Discount Stores, Inc., 569 So.2d 659, 664 (La.App. 2 Cir.1990).
Dr. Yu testified that he definitely believes White’s exposure to beryllium at Dental Arts aggravated and contributed to any condition that she might have had from an inhalation of beryllium at a previous job. He also stated that more probably than not the beryl-liosis was aggravated and contracted while she worked at Dental Arts. He did not know whether this was a pre-existing condition but he stated that her employment and exposure to the dust made the illness worse.
The standard of appellate review in workers’ compensation cases is the manifest error/clearly wrong standard. Chevalier v. L.H. Bossier, Inc., 617 So.2d 1278 (La.App. 3 Cir.1993); Willis v. Dry Creek Nutrition Services, 94-45 (La.App. 3 Cir. 6/1/94); 640 So.2d 708. In the present case, we find no manifest error in the hearing officer’s conclusion that Linda White is entitled to workers’ compensation and medical benefits.
Penalties and Attorney’s Fees
Defendants claim the hearing officer erred in assessing statutory penalties and attorney’s fees. Defendants claim that they had a reasonable basis to controvert White’s claim, and thus should not have been assessed statutory Ispenalties. However, defendants do not argue that their actions were not arbitrary and capricious, the standard for awarding attorney’s fees.
La.R.S. 23:1201E authorizes a twelve percent penalty on any untimely paid benefit, unless the “employee’s right to such compensation or medical benefits has been reason *221 ably controverted by the employer or his insurer_” Further, La.R.S. 23:1201.2 provides, in pertinent part:
Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due.
Jill Leonard-Bell, the claims adjuster for Louisiana Worker’s Compensation Corporation, testified that she had never paid White any compensation or medical benefits. Ms. Leonard-Bell stated that her denial of benefits to White was based on the presumption under the statute that since White did not work for Dental Arts for twelve months, her illness was presumed to be non-oecupational. She concentrated on the fact that White first exhibited symptoms two weeks after beginning employment, and not on her continued exposure to beryllium over the next four months of work. She relied on the opinion of one of White’s treating physicians who stated in a written report that White’s 17 year work history may have caused the illness. However she could not recall which doctor, Stagg or Yu, made this statement. Ms. Leonard-Bell also stated that she never arranged for an IME for White, and although she had submitted White’s medical records to a pulmonary specialist for evaluation, she had not received a report from the lespecialist, Dr. Ernest Wong in Lafayette, at the time of the hearing.
Defendants had no medical evidence, either from claimant’s treating physicians or a doctor of their own choosing, to support its failure to pay benefits. Defendants did not even schedule an IME for White in order to obtain another medical opinion on her condition, even though six months elapsed between the time White left her employment until the time of the hearing. Defendants can cite no credible reason for denial of benefits; just because the statute provides a certain presumption does not mean that the plaintiff cannot overcome that presumption. Therefore, we find no error in the hearing officer’s award of penalties and attorney’s fees to claimant.
DECREE
The judgment of the trial court is affirmed. Costs assessed to defendants-appellants, Dental Arts, Inc. and the Louisiana Workers Compensation Corporation.
AFFIRMED.